**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JARVIS BROWN,

        Plaintiff-Appellant,

    v.

ANDRE MATEVOUSIAN; KIMBERLY
BANKS; BELINDA AUTERSON; JASON
HESS; MARY MITCHELL; IAN
CONNORS; GERTA TODD; KEN REID,

        Defendants-Appellees.

No.   21-16446

D.C. No. 1:20-cv-00204-DAD-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 23, 2023[**]

Before:    O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Federal prisoner Jarvis Brown appeals pro se from the district court's

judgment dismissing his action under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging a Fifth Amendment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim concerning the prison disciplinary process and an Eighth Amendment claim for failure to protect. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015). We review a district court's denial of leave to amend for abuse of discretion, but the question of futility of amendment is reviewed de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). We affirm.

The district court properly dismissed Brown's action because his claims do not arise in one of the three contexts the Supreme Court has recognized for *Bivens* claims, and thus would require expansion of the *Bivens* remedy. *See Egbert v. Boule*, 142 S. Ct. 1793, 1799, 1803-07 (2022) (explaining that recognizing a cause of action under *Bivens* is "a disfavored judicial activity" and that the presence of an alternative remedial process precludes recognizing a *Bivens* cause of action in a new context); *Mejia v. Miller*, 61 F.4th 663, 666 (9th Cir. 2023) (acknowledging Supreme Court's reluctance to recognize any new *Bivens* claims).

The district court properly denied Brown leave to amend, noting that he had already twice been granted leave to amend after the deficiencies in his complaints were identified, and that he had still failed to state a claim. Given those circumstances, it was appropriate for the district court to determine that the granting of further leave to amend would be futile.

**AFFIRMED.**